FILED
 2007 Jun-19 PM 02:44
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DAMIAN MICHAEL DAWSON, | ) |
| | ) |
| Defendant/Movant, | ) |
| | ) |
| v. | ) 2:02-cr-00358-UWC-JEO |
| | ) 2:06-cv-08032-UWC-JEO |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

This matter is before the court on the motion of Damian Michael Dawson (hereinafter "Dawson" or "the defendant") to vacate, set aside, or correct his conviction and sentence filed pursuant to 28 U.S.C. § 2255. (Doc. 1).[1] Upon consideration of the same, the court finds that the motion is due to be denied and dismissed with prejudice.

## BACKGROUND

The defendant was charged with possessing a firearm after being convicted of a felony, in violation of 18 U.S.C. § 922(g). He pled guilty and was sentenced on October 30, 2003, to serve fifty-one months. The defendant initially appealed his conviction and sentence. However, on January 27, 2004, he moved to voluntarily dismiss the appeal. The motion was granted on January 29, 2004.

On June 21, 2006, the defendant filed the present motion. He filed a motion to amend his petition on July 24, 2006. The court required the defendant to file his motion on the appropriate § 2255 forms, which he did. He challenges the sentence imposed and the effectiveness of his counsel. The magistrate judge assigned this matter entered an order requiring the United States to appear and file a response to the defendant's claims. The United States has filed a response

---

[1] References to "Doc. ___" are to the documents as numbered by the Clerk of the Court in the court's record in this case.

asserting that the motion is barred from review premised on the applicable statute of limitations. (Doc. 6 at 9).

## DISCUSSION

### Statute of Limitations

As noted above, the United States contends that the defendant's claims are procedurally precluded from review premised on the one-year statute of limitations. Pursuant to 28 U.S.C. § 2255, there is a one-year statute of limitations within which a motion to vacate a conviction must be filed. The defendant's judgment of conviction became final on or about January 29, 2004, when his motion to dismiss the appeal was granted. Therefore, the one year period in which to file a petition pursuant to § 2255 ended on January 29, 2005. 28 U.S.C § 2255 at ¶ 6. The present motion was not filed until June 15, 2005, which is over two years after the expiration of the applicable statute of limitations. Accordingly, the defendant's claims are barred from review.

## CONCLUSION

Premised on the foregoing, the defendant's motion to vacate, set aside, or correct his sentence (doc. 1) is due to be denied and dismissed with prejudice. An appropriate order will be entered.

**DONE**, this 19th day of June, 2007.

_____
U.W. Clemon
United States District Judge